UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 23 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| RONNIE LEE ALSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-02078 (UNA) |
| | ) |
| | ) |
| NATIONAL CREDIT | ) |
| UNION ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's IFP application and dismiss the complaint for failure to comply with Federal Rule 8(a).

Plaintiff, who provides a "c/o" address in the District, but seems to be domiciled in Forestville, Maryland, *see* Compl. Exhibits, ECF No. 1-1, at 3, 14, 19, 30, 32, 34, 36, sues the National Credit Union Association ("NCUA") and the Democracy Federal Credit Union ("DFCU"), both of which are headquartered in Alexandria, Virginia, *see id.* at 3, 39; Compl. at 1. In the case caption, plaintiff provides a District address affiliated with a singular DFCU branch, *see* Compl. at 1, but the allegations in the complaint have little to no connection with that branch. Instead, the allegations mostly arise from plaintiff's interactions with a DFCU branch located in Hill Branch, Maryland, near his residence in Forestville.[1] *See id.* at 2; Compl. Exs. at 5–12, 14–19, 22, 24, 26–8.

---

[1] For these reasons, the basis for venue in this District is also quite unclear. Venue in a civil action is generally proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found,

The complaint is far from a model in clarity, and plaintiff cites to a litany of federal authority, including, but not limited to: the First, Fifth, and Fourteenth Amendments, the Truth in Lending Act ("TILA"), and the Federal Tort Claims Act ("FTCA"). *See* Compl. at 1,4–5, 7; Compl. Exs. at 3. The applicability of these amendments and statutes to plaintiff's claims and to the intended defendants are, at best, vague, and at worst, completely misplaced. Where it can be understood, plaintiff alleges that certain DFCU defendants are engaged in an ongoing conspiracy to infringe upon his rights. *See* Compl. Exs. at 3, 6, 9–12, 14. At root, plaintiff is aggrieved regarding the DFCU Branch's alleged mishandling of several loan applications and their respective eventual denials. *See id.* at 5–40; *see* Compl. at 2–5. He additionally contends that NCUA has failed to properly communicate and assist him in proceeding administratively with his FTCA and TILA claims against DFCU. *See* Compl. at 1–9. He seeks millions in damages. *See* Compl. Exs. at 3.

The 51-page complaint is rambling, disorganized, and difficult to follow. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy

---

if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing for dismissal). It does not appear that any of the defendants are located here, or at the very least, their headquarters are located in Virginia. The events transpired in Maryland. To the extent that plaintiff may rely on 28 U.S.C. § 1402(b) to establish venue, as noted, it is uncertain if plaintiff is actually domiciled here or in Maryland.

assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  The instant complaint falls within this category.   Furthermore, the complaint paragraphs are conflated and are not limited "to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

Finally, plaintiff fails to adequately plead the deprivation of a protected right.  While plaintiff references, in passing, various types of "discrimination," and vague violations of his constitutional rights, there is no articulation of specific facts supporting the types of discrimination allegedly endured, and "[e]vents may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis for a due process violation[,]" *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).   Plaintiff also fails to identify other individual or individuals to whom these rights he was deprived were afforded, nor does he allege how [] other individuals were similarly situated, as he must in order to state a viable equal protection claim." *Id.*  "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

For all of these reasons, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date: August 23, 2021                              /s/_____
　　　　　　　　　　　　　　　　　　　　EMMET G. SULLIVAN
　　　　　　　　　　　　　　　　　　　　United States District Judge